James H. MEREDITH, Appellant,

v.

Charles Dickson FAIR et al., Appellees.

UNITED STATES of America, Amicus Curiae and Petitioner,

v.

STATE OF MISSISSIPPI et al., Defendants.

No. 19475.

United States Court of Appeals
Fifth Circuit.

Sept. 29, 1962.

See also 313 F.2d 532.

C. B. Motley, New York City, R. Jess Brown, Vicksburg, Miss., John Doar, First Asst., Civil Rights Division, Department of Justice, Burke Marshall, Asst. Atty. Gen., Department of Justice, Washington, D. C., for appellant.

Chas. Clark, Jackson, Miss., Dugas Shands, Asst. Atty. Gen. of Mississippi, Jackson, Miss., Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., Walter Suthon, New Orleans, La., Francis T. Zachary, Hattiesburg, Miss., J. D. Doty, Pontotoc, Miss., W. H. Barbour, Yazoo City, Miss., Chester H. Curtis, Clarksdale, Miss., Will A. Hickman, Oxford, Miss., M. B. Montgomery, Jackson, Miss., Orma R. Smith, Corinth, Miss., J. P. Coleman, Jackson, Miss., Ben H. Walley, Jackson, Miss., Fred B. Smith, Ripley, Miss., Charles L. Sullivan, Clarksdale, Miss., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

This Court having entered an order on September 26, 1962, requiring Paul B. Johnson, Jr., to appear before this Court today at 10:00 A. M. to show cause, if any he has, why he should not be held in civil contempt of the temporary restraining order entered in this action upon application of the United States on September 25, 1962, and Paul B. Johnson, Jr., having been given notice of the order to show cause and it having been regularly called on the calendar for hearing at 10:00 A.M. this day, and Paul B. Johnson, Jr., having failed to appear or respond, in person or by counsel, and having failed to deny the factual statements

contained in the verified application of the United States, and

The Court having heard and received evidence on behalf of the United States and having deliberated and considered the legal issues involved, now renders its findings of fact, conclusions of law and judgment as follows:

### FINDINGS OF FACT

1. On September 25, 1962 this Court entered its temporary restraining order upon application of the United States, amicus curiae herein, restraining the State of Mississippi, Ross R. Barnett, their agents, employees, officers and successors, together with all persons in active concert or participation with them, from interfering with or obstructing in any manner or by any means the enjoyment of rights or the performance of obligations under this Court's order of July 28, 1962 and the order of the District Court of September 13, 1962.

2. The temporary restraining order of September 25, 1962 was served upon the State of Mississippi through its designated agent Joe T. Patterson, the Attorney General of the State of Mississippi, on September 25, 1962 and was served on Ross R. Barnett on September 25, 1962.

3. On September 26, 1962 Paul B. Johnson, Jr., acting as an officer and agent of the State of Mississippi and as an agent of and in active concert and participation with Ross R. Barnett, prevented James H. Meredith from entering the campus of the University of Mississippi at Oxford, Mississippi at a time when James H. Meredith was seeking to so enter for the purpose of enrolling as a student in the University pursuant to the orders of this Court of July 28, 1962 and the order of the District Court of September 13, 1962.

The conduct of Paul B. Johnson, Jr., in preventing James H. Meredith from entering the campus of the University of Mississippi and from enrolling as a student in the University was with the deliberate and announced purpose of preventing compliance with the orders of this and other federal courts.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of the person of Paul B. Johnson, Jr.

2. Paul B. Johnson, Jr., is in contempt of the temporary restraining order of September 25, 1962.

### JUDGMENT OF CIVIL CONTEMPT

Upon the foregoing findings of fact and conclusions of law,

IT IS ORDERED, ADJUDGED AND DECREED that:

Paul B. Johnson, Jr., is in civil contempt of the temporary restraining order of this Court entered on September 25, 1962 upon application of the United States, *amicus curiae;* that such contempt is continuing, and that Paul B. Johnson, Jr., shall pay a fine to the United States of $5,000.00 per day, unless on or before October 2, 1962 at 11:00 a. m. he shows to this Court that from and after the time of the issuance of this order he has been, and is, in full compliance with the terms of the restraining order, that he intends to do so in the future and that he will, during any periods of time that he is acting for or on behalf of, or in the name, place or stead of, or with the authority or power of, or as Governor of the State of Mississippi, notify all law enforcement officers and all other officers under his jurisdiction or command:

(a) To cease forthwith all resistance to and interference with the orders of this Court and of the District Court for the Southern District of Mississippi;

(b) To maintain law and order at and around the University and to cooperate with the officers and agents of this Court and of the United States in the execution of the orders of this Court and of the District Court for the Southern District of Mississippi to the end that James H. Meredith shall be permitted to register and remain as a student at the University of Mississippi under the same conditions as apply to all other students.

In the event that Paul B. Johnson, Jr., while acting for, or on behalf of, or in the name, place or stead of, or with the authority or power of, or as Governor of the State of Mississippi fails at any time to take the steps set forth in sub-paragraphs (a) and (b) he shall, on a finding of such fact by the Court, be committed to the custody of the Attorney General and shall pay a fine to the United States of $10,000.00 per day, such daily fine and imprisonment to continue during such period as he fails to purge himself of such contempt.

Nothing herein shall prevent a later assertion of a charge of criminal contempt against Respondent.

Jurisdiction is hereby reserved for such other and further orders as may be appropriate.